**Bobby CLARK, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 88–1589.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1988.

Decided Dec. 19, 1988.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Lawrence M. Meister, Dept. of HHS, Baltimore, Md., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,* Senior District Judge.

PER CURIAM.

Bobby Clark appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas affirming the decision of Otis R. Bowen, Secretary of Health and Human Services (Secretary), denying Clark's claim for a closed period of disability insurance under §§ 216(i), and 223 of Title II of the Social Security Act (Act), 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits under §§ 1602 and 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. §§ 1381a and 1382c(a)(3). *Clark v. Bowen,* No. J–C–82–20 (E.D.Ark. Jan. 27, 1988). For reversal, Clark contends that there is not substantial evidence in the record to support the Secretary's decision that his impairments were not severe. For the reasons discussed below, we affirm the judgment of the district court.

Clark filed an application for disability insurance benefits and Supplemental Security Income alleging that he became disabled on August 15, 1978, due to a back injury and nervousness.[2] The application was denied after an evidentiary hearing by an Administrative Law Judge (ALJ), and that decision was approved by the Secretary. The district court has remanded the case twice since the initial decision by the Secretary. The first remand was for further findings on Clark's subjective allegations of pain and his credibility. The second remand was for reevaluation of Clark's application in light of the revised mental

---

* The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota, sitting by special designation.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. The time period during which Clark alleges he was disabled and for which he seeks benefits ran through May 1983.

impairment standards promulgated pursuant to the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404 Subpt. P, App. 1. Benefits were denied in both instances.

On remand, the ALJ found that Clark's impairments did not significantly limit his ability to perform basic work-related activities and that his impairments were therefore not severe. *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 2297, 96 L.Ed. 2d 119 (1987). He further found that Clark's subjective allegations of pain were not credible. The ALJ concluded that Clark was not under a disability at any time during the time period in question. His decision was based on the fact that Clark had made some wages since 1979, that his ailments could be controlled by medication, that his daily activities included walks in the park and driving a car, and that a psychiatric examination indicated that Clark was "oriented in all spheres" and that he did not appear to have any significant psychiatric condition.

We have considered the entire record and find that there is substantial evidence in the record to support the Secretary's decision. 42 U.S.C. § 405(g). Accordingly, the judgment of the district court is affirmed. *See* 8th Cir. Rule 14.